**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JEANNIE PATORA, individually on behalf of herself and on behalf of all others similarly situated,

  *Plaintiff,*

v.

TARTE, INC.

  *Defendant.*

Case No.: 7:18-cv-11760-KMK

## [PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT

On October 2, 2019, this Court granted the motion of Plaintiff Jeannie Patora ("Plaintiff") for preliminary approval of the Settlement Agreement[1] and certification of the Settlement Class (as defined below). *See* ECF No. 33.

Commencing on October 23, 2019, Angeion Group (the "Settlement Administrator") began providing notice to Settlement Class members in compliance with the Notice Plan, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

 (a) fully informed Settlement Class members about the Action and the existence and terms of the Settlement Agreement;

 (b) advised Settlement Class members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class members were able to decide whether to accept the settlement, opt-out and pursue their own remedies, or object to the proposed settlement;

 (c) provided procedures for Settlement Class members to file written objections to the proposed settlement, to appear at the Fairness Hearing, and to state objections to the proposed settlement; and

---

[1] Capitalized terms used in this Final Approval Order and Judgment shall have the same meanings as defined in the Amended Class Settlement Agreement unless otherwise expressly stated. *See* ECF No. 31-1.

1

(d) provided the time, date, and place of the Fairness Hearing.

On January 28, 2020, the Court held a Fairness Hearing to determine whether the proposed settlement is fair, reasonable and adequate and whether judgment should be entered dismissing this Action with prejudice. The Court also considered whether to grant Class Counsel's requested Attorneys' Fees and Expenses, and Plaintiff's requested Service Award. The Court reviewed (a) Plaintiff's Motion for Final Approval of Class Action Settlement and all supporting materials; (b) Plaintiff's Motion for Award of Attorneys' Fees and Reimbursement of Litigation Expenses to Class Counsel and Service Award to the Class Representative and all supporting materials; (c) any objections filed with or presented to the Court; and (d) the Parties' responses to any objections. The Court also considered the oral argument of counsel and any objectors who appeared. Based on this review and the findings below, the Court finds good cause to grant the Motions.

**IT IS HEREBY ORDERED**:

1.   The Court has jurisdiction over the subject matter of this Action, all claims raised therein, and all Parties thereto, including the Settlement Class.

2.   The Settlement Agreement is fair, reasonable, adequate and in the best interests of Settlement Class members. The Settlement Agreement was negotiated over a period of more than a year at arm's length, in good faith and without collusion, by capable and experienced counsel with full knowledge of the facts, the law, and the risks inherent in litigating the Action, and with the active involvement of the Parties. Moreover, the Settlement Agreement confers substantial benefits on the Settlement Class members, is not contrary to the public interest, and will provide the Parties with repose from litigation. The Parties faced significant risks, expense, and uncertainty from continued litigation of this matter, which further supports the Court's conclusion that the settlement is fair, reasonable, adequate and in the best interests of the Settlement Class members.

3.      The Court grants final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for distribution of the Settlement Fund. All Settlement Class members who have not excluded themselves from the Settlement Class are bound by this Final Approval Order and Judgment.

4.      The Parties shall carry out their respective obligations under the Settlement Agreement in accordance with its terms. The relief provided for in the Settlement Agreement shall be made available to the various Settlement Class members submitting valid Claim forms, pursuant to the terms and conditions in the Settlement Agreement. The Settlement Agreement is incorporated herein in its entirety as if fully set forth herein and shall have the same force and effect of an order of this Court.

## OBJECTIONS AND REQUESTS FOR EXCLUSION

5.      No objections to the Settlement were filed by Settlement Class members. All persons who did not object to the Settlement in the manner set forth in the Settlement Agreement are deemed to have waived any objections, including but not limited to by appeal, collateral attack, or otherwise.

6.      Attached hereto as Exhibit A is a list of persons who made valid and timely requests to be excluded from the Settlement and the Settlement Class (the "Opt-Out Members"). The Opt-Out Members are not bound by the Settlement Agreement and this Final Approval Order and Judgment and shall not be entitled to any of the benefits afforded to Settlement Class members under the Settlement Agreement.

## CERTIFICATION OF THE SETTLEMENT CLASS

7.      Solely for purposes of the Settlement Agreement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class:

> All persons and entities that, between November 13, 2013 and January 21, 2020, both resided in the United States and purchased in the United States any of the Products[2] for personal use and not for resale.

The Settlement Class specifically excludes: (a) Defendant Tarte Inc.'s ("Defendant") board members or executive-level officers, including its attorneys; (b) governmental entities; (c) the Court, the Court's immediate family, and the Court's staff; and (d) any person that timely and properly excludes himself or herself from the Settlement Class in accordance with the procedures approved by the Court.

8. The Court incorporates its preliminary conclusions from its Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a) and 23(b). *See* ECF No. 33. Because the Settlement Class is certified solely for purposes of settlement, the Court need not address any issues of manageability for litigation purposes.

9. The Court grants final approval to the appointment of Plaintiff Jeannie Patora as the Class Representative and concludes that she has fairly and adequately represented the Settlement Class and shall continue to do so.

10. The Court grants final approval to the appointment of The Sultzer Law Group, P.C. as Class Counsel for the Settlement Class. Class Counsel have fairly and adequately represented the Settlement Class and shall continue to do so.

11. The Settlement Class described above is certified solely for the purpose of the settlement described in the Settlement Agreement. The Court finds and orders that Defendant has not conceded that any of the allegations asserted in this Action are meritorious, or that this Action or any similar case is meritorious or amenable to class certification for purposes of litigation, and orders that nothing in this Final Approval Order and Judgment, or in the Settlement Agreement,

---

[2] "Products" are defined in Section 2.21 of the Amended Class Settlement Agreement.

4

shall prevent Defendant from opposing the Action on the merits, or shall prevent Defendant or Plaintiff from opposing or supporting class certification, or seeking decertification, if this Final Approval Order and Judgment approving the Settlement Agreement is reversed or invalidated, on appeal or otherwise, for any reason.

### NOTICE TO THE CLASS

12. The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, as modified by the Court's Orders of December 6, 2019 (ECF 37), and December 20, 2019 (ECF 45): (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the Settlement Agreement, to object and appear at the Fairness Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

13. The Court finds that Defendant has satisfied the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715.

### ATTORNEYS' FEES AND COSTS, INCENTIVE AWARD

14. The Court awards Class Counsel $554,296.57 in fees and reimbursement of $12,370.10 in expenses. The Court finds these amounts to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in Sections 4.1 of the Settlement Agreement.

15.     The Court awards Plaintiff Jeannie Patora $2,500 as a Service Award. The Court finds this amount is justified by Plaintiff's service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in Section 8.6 of the Settlement Agreement.

**RELEASES**

16.     The Court releases and forever discharges the Released Persons from each of the Released Claims, as provided in the Settlement Agreement. Plaintiff and all members of the Settlement Class except for Opt-Out Members are permanently barred and enjoined from instituting, maintaining, or prosecuting, either directly or indirectly, any litigation that asserts the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Approval Order and Judgment, and the Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. The Released Claims shall be construed as broadly as possible to ensure complete finality over this Action involving the advertising, labeling, and marketing of the Products as set forth herein. The full terms of the release described in this paragraph are set forth in Sections 2.25–2.26, 4.1(e), 6.4, 7.1–7.4, and 10.8 of the Settlement Agreement and are specifically approved and incorporated herein by this reference. In addition, Plaintiff and each Settlement Class member, except for Opt-Out Members, are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) any similar federal or state laws, rights, rules, or legal principle that is similar, comparable, or equivalent to California Civil Code § 1542.

**OTHER PROVISIONS**

17. Pursuant to Section 4.1 of the Settlement Agreement, the Settlement Funds, consisting of one million seven hundred thousand dollars and no cents ($1,700,000.00), shall be used to pay (a) any necessary taxes and tax expenses; (b) all costs and expenses associated with disseminating notice to the Settlement Class, including but not limited to the Class Notice and Summary Settlement Notice; (c) all costs and expenses associated with the administration of the Settlement, including but not limited to processing claims and fees of the Settlement Administrator; (d) any Attorneys' Fees and Expenses award made by the Court to Class Counsel; (e) any Service Award granted by the Court to Plaintiff; (f) cash payments distributed to Settlement Class Members who have submitted timely, valid, and approved Claims, pursuant to the claims process outlined in Section 4.2 of the Settlement Agreement and the distribution method outlined in Section 4.3 of the Settlement Agreement; and (g) the Residual Funds, if any, pursuant to Section 4.4 of the Settlement Agreement. Defendant's payment of a total of $1,700,000 (inclusive of amounts already paid for class notice and administration costs), will be in full satisfaction of all individual and class claims asserted in, or that could have been asserted in, this Action, including for the attorneys' fees, expenses and service awards, and other amounts described in this Final Approval Order and Judgment.

18. If any excess Residual Funds remain in the Settlement Fund after the payments described herein in Paragraph 17, the Court directs the Parties and the Claims Administrator to distribute all such Residual Funds to Consumer Reports as the *cy pres* recipient. Consumer Reports' mission includes "work for a safe, fair and transparent marketplace for all consumers and to empower consumers to protect themselves." Accordingly, Consumer Reports meets the requirement that a *cy pres* recipient reasonably approximate the interests of the class.

19. Subject to the terms and conditions of the Settlement Agreement, the Court enters an injunction against Defendant requiring it to comply with the requirements in Paragraphs 4.5 and 4.6 of the Settlement Agreement.

20. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement Agreement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of: (a) liability, fault, wrongdoing, or violation of any law; (b) the validity or certifiability for litigation purposes of the Settlement Class; (c) the strength of any of the claims or allegations in the Complaint or any other claims that could have been asserted in the Action; or (d) the infirmity of any defenses to Plaintiff's claims or allegations.

21. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement, shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by Defendant or the Settlement Class members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment. This Final Approval Order and Judgment, and the Settlement Agreement, may be pleaded as a full and complete defense to any action, suit, or other proceedings that has been or may be instituted, prosecuted or attempted against the Released Parties in such capacity with respect to any of the Released Claims, and may be filed, offered, received into evidence, and otherwise used for such defense.

22. The Court hereby dismisses the Action in its entirety with prejudice, and without fees or costs except as otherwise provided for herein.

23.     Without affecting the finality of this Final Approval Order and Judgment, the Court will retain jurisdiction over this Action and the Parties with respect to the interpretation, implementation and enforcement of the Settlement Agreement for all purposes.

24.     Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED** this 29th day of January, 2020:

Honorable Kenneth M. Karas
United States District Judge